IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHILOH D. RINEHART,<br><br>            Plaintiff,<br><br>     v.<br><br>MR. LANGLEY, P.A.,<br><br>            Defendant. | **MEMORANDUM DECISION & ORDER DIRECTING SERVICE OF PROCESS, ANSWER AND/OR DISPOSITIVE MOTION**<br><br>Case No. 2:12-CV-589 DN<br><br>District Judge David Nuffer |

Plaintiff, Shiloh D. Rinehart, an inmate at Utah State Prison, filed this *pro se* civil rights suit. *See* 42 U.S.C.S. § 1983 (2013). Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id.* § 1915.

Based on review of the Complaint, the Court concludes that official service of process is warranted. The United States Marshals Service is directed to serve a properly issued summons and a copy of Plaintiff's Complaint, along with this Order, upon the following individual: **Mr. Langley, P.A.**

Once served, Defendant shall respond to the summons in one of the following ways:

   (A) If Defendant wishes to assert the affirmative defense of
   Plaintiff's failure to exhaust administrative remedies in a
   grievance process, Defendant must,

>(i) file an answer, within twenty days of service;
>
>(ii) within ninety days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[1];
>
>(iii) within ninety days of filing an answer, file a separate summary judgment motion, with a supporting memorandum; **and**
>
>(iv) within ninety days of filing an answer, submit a proposed order for dismissing the case based upon Plaintiff's failure to exhaust, in word processing format, to:
>
>utdecf_prisonerlitigationunit@utd.uscourts.gov.

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).
　　In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
>Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports.  The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims.  This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

(B) If Defendant chooses to challenge the bare allegations of the complaint, Defendant shall, within twenty days of service,

    (i) file an answer; or

    (ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6), and submit a proposed order for dismissing the case, in word processing format, to: utdecf_prisonerlitigationunit@utd.uscourts.gov.

(C) If Defendant chooses not to rely on the defense of failure to exhaust and wishes to pierce the allegations of the complaint, Defendant must,

    (i) file an answer, within twenty days of service;

    (ii) within ninety days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint;

    (iii) within ninety days of filing an answer, file a separate summary judgment motion, with a supporting memorandum; **and**

    (iv) within ninety days of filing an answer, submit a proposed order for dismissing the case based upon the summary judgment motion, in word processing format, to: utdecf_prisonerlitigationunit@utd.uscourts.gov.

The parties shall take note that new local rules governing civil cases are now in effect.  The Approved Amendments to the Local Rules and Updated Rules are posted on the Court's website.  All new requirements are important but the most significant changes are in motion practice and sealed filings.  This Court will order the parties to refile summary-judgment motions which do not follow the new standards.  *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

Plaintiff is notified that if Defendant moves for summary judgment Plaintiff cannot rest upon the mere allegations in the complaint.  Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) The United States Marshals Service shall serve a completed summons, a copy of the Complaint, (Docket Entry # 3), and a copy of this Order upon the above-listed defendant.

(2) Within twenty days of being served, Defendant must file an answer or motion to dismiss and proposed order, as outlined above.

(3) If filing (on exhaustion or any other basis) a *Martinez* report **with** a summary-judgment motion and proposed order, Defendant must do so within ninety days of filing his answer.

(4) If served with a *Martinez* report and a summary-judgment motion or motion to dismiss, Plaintiff may file a response within thirty days.

(5) Summary-judgment motion deadline is ninety days from filing of answer.

DATED this 20th day of June, 2013.

BY THE COURT:

_____
JUDGE DAVID NUFFER
United States District Court

5